IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DEMETRIUS W. PHILLIPS,

    Petitioner,

v.                                            Civil Action No. **3:10CV13**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Demetrius W. Phillips, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2010, Respondent moved for an extension of time to file his response to the § 2254 petition. Counsel for Respondent explains that, due to administrative error, documents related to another case accidentally had been filed in opposition to Phillips's § 2254 petition on May 17, 2010. Upon excusable neglect shown, *see* Fed. R. Civ. P. 6(b)(1)(B), the motion for extension of time (Docket No. 20) is GRANTED and Respondent's motion to dismiss, which was filed on May 18, 2010 is deemed timely.

In the motion to dismiss, Respondent contends that, *inter alia*, the § 2254 petition is barred by the relevant statute of limitations. Phillips has responded. The matter is ripe for disposition.

### I. Procedural History

The Circuit Court of the City of Portsmouth ("Circuit Court") convicted Phillips of burglary and grand larceny. Phillips appealed his conviction. On March 21, 2007, the Supreme Court of Virginia refused Phillips's petition for appeal.

On March 7, 2008, Phillips filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. On October 23, 2008, the Supreme Court of Virginia denied Phillips's state petition for a writ of habeas corpus.

On November 18, 2009, the United States District Court for the Middle District of Tennessee ("the Tennessee District Court") received Phillips's § 2254 petition. The § 2254 petition was not signed and did not indicate when it had been submitted. However, the § 2254 petition was accompanied by an *in forma pauperis* affidavit that was executed on August 25, 2009. By Order entered on January 5, 2010, the Tennessee Court transferred the § 2254 petition to this District Court.

In his § 2254 petition, Phillips contends that he was denied the effective assistance of counsel because counsel failed to call Norma Polk or Detective Monell to confirm Petitioner's testimony.

## II. Analysis of the Motion to Dismiss

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing* 28 U.S.C. § 2244(d)(1)(A)). Phillips had ninety days from March 21, 2007, the date the Supreme Court of Virginia refused his petition for appeal, in which to file a petition for a writ of certiorari with the Supreme Court of the United States. Sup. Ct. R. 13.1; *see Hill*, 277 F.3d at 704 (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). Phillips's time for seeking direct review would have expired on Tuesday, June 19, 2007. The statute of limitations ran for 261 days until Phillips filed his state habeas petition on March 7, 2008.

The limitation period was tolled between March 7, 2008, and October 23, 2008, while Phillips's petition for a writ of habeas corpus was pending before the Supreme Court of Virginia. *See* 28 U.S.C. § 2244(d)(2). When the limitation period resumed, Phillips had 104 days, or until Wednesday, February 4, 2009 to file his federal habeas petition. Phillips failed to file his federal habeas petition by that date. Indeed, the *in forma pauperis* affidavit that accompanied his § 2254 petition indicates that Phillips did not mail his § 2254 petition until August 25, 2009. Therefore, unless Phillips demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling, that action is barred by the

statute of limitations. Neither Phillips nor the record suggests any basis for a belated commencement of the limitation period or for equitable tolling. Accordingly, the motion to dismiss (Docket No. 21) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Date: DEC - 2 2010
Richmond, Virginia